PARKER GREENMAN, as Administrator, etc., of SANFORD G. GREENMAN, Deceased, Appellant, v. JOSEPH F. BUTLER, Respondent.

Fourth Department, December 27, 1939.

*J. Carl Fogle* [*J. Wesley Andrews* with him on the brief], for the appellant.

*Geerge W. Riley,* for the respondent.

CROSBY, J. This is an appeal from a judgment, dismissing the complaint, entered on the verdict of a jury. The action is brought by an administrator on a promissory note for $1,500, payable, by its terms, to plaintiff's intestate, and admittedly bearing the signature of defendant. The note recites that it is given for "value received," and it was found, after decedent's death, in the possession of an attorney to whom decedent, in his lifetime, delivered it in a sealed envelope. The envelope had indorsed thereon a direction to deliver on request to S. G. Greenman or Parker (sic) G. Greenman. The note has indorsed, on the back thereof, twelve payments aggregating $133.80.

The production of the note by plaintiff, coupled with proof that it was found in the possession of decedent's attorney with instructions to deliver it either to decedent or his son, who is the administrator, and coupled also with proof of the genuineness of defendant's signature, makes out a *prima facie* case for plaintiff.

The defense that is pleaded and sought to be proven is, in substance, that defendant never owed decedent any money, never received any consideration for the giving of the note in question, never signed the note with the intention of doing so, and that the defendant's signature to the note was procured through some mistake or else through fraud practiced upon him.

Decedent and defendant were both real estate brokers, and they had had business relations with each other for some years before decedent's death, and for several years were jointly interested in two pieces of property from which an income was received either by way of rent or else by way of interest on land contracts. For some time prior to decedent's death defendant was in poor health and decedent looked after their interest in the two properties jointly owned by them and accounted to defendant for the income. Plaintiff put into evidence numerous typewritten memoranda showing income from these joint properties and the equal division thereof between the parties. These memoranda are all signed by both decedent and defendant. In numerous instances the indorsements of payments on the back of the note correspond, both as to dates and amounts, with the moneys coming to defendant from the settlements shown by the memoranda.

Plaintiff seeks to draw the inference that, whenever these settlements occurred, defendant receipted for his share, but allowed decedent to apply it to the payment of the note.

Defendant does not argue about inferences, but testified at the trial, in substance, that whenever decedent had a settlement with him for the income of their joint properties decedent personally paid to defendant his share in cash.

This brings us to the important question of law in the case. When it was first sought to have defendant testify to personal transactions with decedent this colloquy occurred: Plaintiff's counsel: " I object to any evidence regarding transactions with the deceased or any negotiations with the deceased, at this time. The defendant here, it seems to me, would benefit by it, and he is disqualified by the Civil Practice Act." The Court: " I think it ought to be directly related to the promissory note. * * * Anything that is competent on the question of consideration of the note. * * * He can testify in regard to those." An exception was duly taken.

The result of this colloquy would seem to be a holding by the court that an interested witness can testify to personal transactions with a deceased person provided he confine himself to relevant matters. We think this is vital error.

To be sure, later in the trial, plaintiff's counsel did not, in each instance, make objection when defendant was asked to testify in regard to personal transactions with decedent. But, in a close case like this, it is our duty, as reviewers of the facts, to consider the effect of the testimony of a witness, who was clearly incompetent, to testify to personal transactions with decedent. (Civ. Prac. Act, § 347; *Monsanto* v. *Berkeley Institute*, 243 App. Div. 564; *Johnson* v. *Board of Education*, 210 id. 723, 728.)

As a result of the court's ruling defendant was allowed to testify that when decedent settled with him for the income from their joint properties he paid to defendant his share in cash. " He came down and divided it with me." This was repeated many times. Defendant also testified that when decedent paid him those moneys from time to time " he never spoke to me about the note." It was as much error to permit the witness to testify to what the decedent did *not* say to him, as a part of a personal transaction, as it would be to permit him to testify to what decedent *did* say. (*Matter of Callister*, 153 N. Y. 294, 307.)

Defendant was also permitted to testify that decedent did not " give " him anything or pay " any consideration " for the note. He was also permitted to draw the conclusion that he never owed decedent any money and also to give the opinion that " the man * * * never had one half or one quarter of that amount of money."

The defense wandered far afield in proving that decedent owed debts which he could have paid by discounting a good note, had he had one; and, finally, a neighbor was permitted to testify that she had a conversation with decedent in which decedent did not " mention anything about a $1,500 note, or any obligation of any kind

owed by Mr. Butler to him." There is not the slightest intimation that this conversation between the witness and decedent was such as to call upon decedent to say whether he did or did not have a note against defendant.

To be sure, much of this objectionable testimony was not objected to, but the combined effect of it, together with that given by defendant in relation to personal transactions with decedent, overcame the plaintiff's cause based upon a promissory note, fair on its face, concededly signed by defendant and in the possession of decedent's agent at the time of decedent's death.

The judgment and order on this record should be reversed on the law and the facts and a new trial ordered, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.